### In re DIXON.

#### (District Court, N. D. California. April 8, 1902.)

#### No. 3,590.

BANKRUPTCY—COSTS AND FEES.

 Bankr. Act, § 40, subd. "a," provides that "referees shall receive as full compensation for their services, * * * a fee of ten dollars, * * * and from estates which have been administered before them" certain commissions. General Orders in Bankruptcy, No. 35, pt. 2, declares that the compensation of referees prescribed by the act shall be in full "for all services performed by them * * * but shall not include expenses * * * necessarily incurred in the performance of their duties." *Held*, that the expenses incurred in the publication of notice of application for discharge, and for stationery, were chargeable against the bankrupt, but that the referee could not charge for his own services in making copies of the petition for discharge.

John Goss and T. W. McDonald, for petitioner.

DE HAVEN, District Judge. Upon filing the bankrupt's petition for discharge, his attorney was required by the referee to make a deposit of $8 for the following purposes:

For publication of notice of application for discharge, as required by prescribed form (57) of G. O. in bankruptcy (voucher No. 1) ........ $2 50
For seven copies of petition of bankrupt for discharge, and the order fixing time of hearing, in accordance with the G. O. and form (57) prescribed. at 20c. per folio .................................... 5 25
For stationery ................................................ 25
                             $8 00

The bankrupt paid the deposit, but took exceptions to the order of the referee in the matter, and the question of the right of the

referee to demand such deposit has been properly certified to the court for decision.

The bankruptcy act (section 40, subd. "a") provides:

"Referees shall receive as full compensation for their services, payable after they are rendered, a fee of ten dollars deposited with the clerk at the time the petition is filed in each case, except when a fee is not required from a voluntary bankrupt, and from estates which have been administered before them one per centum commissions on sums to be paid as dividends and commissions, or one half of one per centum on the amount to be paid to creditors upon the confirmation of a composition."

In harmony with this statute, the supreme court has, in the general orders in bankruptcy adopted by it (general order 35, pt. 2), declared as follows:

"(2) The compensation of referees, prescribed by the act, shall be in full compensation for all services performed by them under the act, or under these general orders; but shall not include expenses necessarily incurred by them in publishing or mailing notices, in traveling, or in perpetuating testimony, or other expenses necessarily incurred in the performance of their duties under the act and allowed by special order of the judge."

It is obvious that the cost of the publication of the necessary notices upon application for discharge, and for stationery, are expenses properly chargeable to the bankrupt or his estate, under the general order just quoted; but the referee is not entitled to charge for his own services in making copies of the petition for discharge at the rate of 20 cents per folio, or at all. It may be necessary in some cases for the referee to employ clerical assistance in giving such notices, and then the expense actually incurred by him for such assistance would be a charge against the bankrupt or his estate, but the referee is not entitled to make any charge for clerical services rendered by himself in cases pending before him. The fee of $10 allowed by the statute to the referee includes full compensation for all such personal services.

The bankrupt is entitled to recover the sum of $5.25 from the amount deposited with the referee.